**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 46**

Docket No. DA-0752-10-0743-I-3

**Thomas Flores,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

June 19, 2014

Joseph D. Ybarra, Esquire, San Antonio, Texas, and Martin R. Cohen, Esquire, Elkins Park, Pennsylvania, for the appellant.

Cynthia C. Cummings, Esquire, Columbus, Ohio, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has petitioned for review of the initial decision that affirmed the agency's removal action.[1]  The Board DENIES the appellant's petition for

---

[1] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012.  We note, however, that the petition for review in this case was filed before that date.  Even if we considered the petition under the previous version of the Board's regulations, the outcome would be the same.

review and AFFIRMS the initial decision as MODIFIED by this Opinion and Order.  The removal action is SUSTAINED.

## BACKGROUND

¶2      Prior to his removal, the appellant was a GS-05 Military Pay Technician in the agency's Defense Finance and Accounting Service.  Initial Appeal File (IAF) (I-1), Tab 11, Subtab 4*l*.  The appellant's position was designated noncritical sensitive but did not require access to classified information.  *Id*., Subtab 4m.  By memorandum dated December 2, 2008, the agency's Washington Headquarters Service, Consolidated Adjudication Facility (CAF) informed the appellant of its tentative determination to deny him eligibility for access to classified information and/or occupancy of a sensitive position.  IAF (I-3), Tab 19 at 14-15.  CAF provided a Statement of Reasons (SOR) underlying its tentative determination, and explained that a credit report and information from an investigation into the appellant's personal history raised questions about his trustworthiness, reliability, and judgment.  *Id*.

¶3      The appellant responded to the SOR, and on June 29, 2009, CAF issued the appellant a Letter of Denial (LOD), denying him eligibility for access to classified information and/or occupancy of a sensitive position.  IAF (I-1), Tab 11, Subtab 4i.  The appellant elected to appeal the LOD, and requested a personal appearance before a Defense Office of Hearings and Appeals (DOHA) administrative judge.  *Id*., Subtab 4g.  The agency indefinitely suspended the appellant pending the results of the appeal.  *Id*., Subtabs 4e, 4f.  Following a hearing, the DOHA administrative judge issued a decision recommending that the denial of the appellant's eligibility for access to classified information and/or occupancy of a sensitive position be overturned.  IAF (I-1), Tab 14 at 105-11.  However, on March 9, 2010, the Clearance Appeals Board (CAB) issued a memorandum informing the appellant that it did not accept the recommendation of the DOHA administrative judge and denying his appeal.  IAF (I-1), Tab 11,

Subtab 4d. CAB indicated that its appeal decision was "final," and further stated: "This concludes your administrative due process." *Id*.

¶4        On July 7, 2010, the agency proposed to remove the appellant based on the denial of his eligibility to occupy a sensitive position. *Id*., Subtab 4c. The notice explained that CAF had issued a final decision denying him eligibility to occupy a sensitive position, that he had elected to appeal the denial of his eligibility to a DOHA judge, and that CAB had informed him of its decision to deny his appeal. *Id*. The notice further explained that, because the appellant's position required eligibility to occupy a sensitive position, he no longer met a qualification for his position and that there were no nonsensitive positions to which he could be reassigned. *Id*. The agency informed the appellant that he had the right to submit a written and/or oral reply to the proposal notice within 15 calendar days of receipt and identified the name, telephone number, and email address of the deciding official. *Id*. The agency further informed the appellant that he had the right to submit affidavits or other evidence in support of his answer and to be represented by an attorney or other personal representative of his choosing. *Id*. The appellant did not respond to the notice, and, by letter dated August 20, 2010, the deciding official notified the appellant of her decision to remove him effective August 25, 2010. *Id*. This appeal followed. IAF (I-1), Tab 1.[2]

¶5        Following a hearing, the administrative judge found that the decision by CAF to deny the appellant eligibility to occupy a sensitive position was supported by preponderant evidence. IAF (I-3), Tab 15 at 7-12. The administrative judge further found that the penalty of removal was reasonable and promoted the efficiency of the service. *Id*. at 12-15. Accordingly, the administrative judge affirmed the removal action. *Id*. at 15.

---

[2] The appeal was twice dismissed without prejudice. *See* IAF (I-1), Tab 17; IAF (I-2), Tab 7.

¶6          The appellant filed a petition for review, in which he contended, inter alia, that the agency had denied him due process[3] because the deciding official had "no choice" but to remove him given the decision of CAF and CAB to deny him eligibility to occupy a sensitive position.  Petition for Review (PFR) File, Tab 1 at 13.  As a result, the appellant argued, the "ultimate decision" to remove him was made not by the deciding official but rather by CAF and CAB.  *Id*.; *see also* IAF (I-3), Tab 16 at 7-8.  The agency filed a response in opposition.  PFR File, Tab 3.  Following the issuance of the U.S. Court of Appeals for the Federal Circuit's decision in *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181 (Fed. Cir. 2013), the Board invited the parties to address the possible application of *Gargiulo* to the appellant's due process claim.  PFR File, Tab 4. Both parties responded.  PFR File, Tabs 5, 6.

## ANALYSIS

### The Board lacks authority to review the merits of the decision to deny the appellant's eligibility to occupy a sensitive position.

¶7          In *Department of the Navy v. Egan*, 484 U.S. 518, 526-30 (1988), the Supreme Court held that in an appeal of a removal action under chapter 75 based on the revocation of a security clearance, i.e., eligibility to access classified information, the Board may not review the merits of the underlying clearance determination.  While this appeal was pending in the regional office, the Board issued decisions in *Conyers v. Department of Defense*, 115 M.S.P.R. 572 (2010), and *Northover v. Department of Defense*, 115 M.S.P.R. 451 (2010), holding that *Egan* did not limit Board review of an adverse action based on the denial of eligibility to occupy a sensitive position not requiring access to classified information.  *Conyers*, 115 M.S.P.R. 572, ¶¶ 13, 34; *Northover*, 115 M.S.P.R.

---

[3] For purposes of this decision, the term "due process" refers exclusively to the procedural due process guaranteed under the Fifth Amendment.

451, ¶¶ 13, 33.  In accordance with the Board's decisions in *Conyers* and *Northover*, the administrative judge reviewed the merits of the decision by CAF to deny the appellant eligibility to occupy a sensitive position.  IAF (I-3), Tab 15 at 7-12.

¶8        While this appeal was pending on petition for review, the Federal Circuit overruled the Board's decisions in *Conyers* and *Northover* and held that *Egan* precludes Board review of a determination that a Department of Defense employee is ineligible to occupy a sensitive position, regardless of whether the position requires access to classified information.  *Kaplan v. Conyers*, 733 F.3d 1148, 1156-60 (Fed. Cir. 2013) (en banc), *cert. denied*, 134 S. Ct. 1759 (Mar. 31, 2014).  In light of our reviewing court's decision in *Conyers*, we must conclude that the administrative judge overstepped the Board's authority in adjudicating the merits of the decision by CAF to deny the appellant eligibility to occupy a sensitive position.  Accordingly, we vacate that portion of the initial decision.  Because it is undisputed that the appellant's position was noncritical sensitive and that he was denied eligibility to occupy a sensitive position, we find the agency proved its charge by a preponderance of the evidence.

The appellant has due process rights with respect to the removal action.

¶9        It is well established that employees do "not have a . . . property interest in access to classified information, and the termination of that access therefore [does] not implicate any due process concerns."  *Gargiulo*, 727 F.3d at 1184-85 (quoting *Jones v. Department of the Navy*, 978 F.2d 1223, 1225 (Fed. Cir. 1992)).  Like a security clearance, the granting of eligibility to occupy a sensitive position is a matter within the Executive's broad discretion to make determinations concerning national security.  *See* Executive Order 10,450, 3 C.F.R. 937 (1949-1953 Comp.).  Hence, just as it is "obvious that no one has a 'right' to a security clearance," *Egan*, 484 U.S. at 528, it is likewise clear that an employee has no property interest in eligibility to occupy a sensitive position.

Consequently, the denial of the appellant's eligibility to occupy a sensitive position is not itself subject to due process requirements.

¶10　　　However, by virtue of being an employee under 5 U.S.C. § 7511, and thus removable only for cause, the appellant did have a property interest in his continued employment. *See King v. Alston*, 75 F.3d 657, 661 (Fed. Cir. 1996).[4] Therefore, he was entitled to due process, including notice and a meaningful opportunity to respond, prior to being removed. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). It is the appellant's removal, not his loss of eligibility to occupy a sensitive position, that triggered due process protections. *Kriner v. Department of the Navy*, 61 M.S.P.R. 526, 532 (1994); *see Hairston v. Department of Defense*, 119 M.S.P.R. 162, ¶ 22 (2013) (employees in sensitive positions not requiring access to classified information are entitled to no fewer due process protections than employees whose positions require such access), *modified on other grounds by Buelna*, 2014 MSPB 45, ¶ 18 n.7. The Board may review the due process protections afforded in the removal proceedings without second guessing the underlying eligibility determination. *Buelna*, 2014 MSPB 45, ¶ 15; *Weissberger v. U.S. Information Agency*, 39 M.S.P.R. 370, 374 (1988).

The appellant waived his due process right to respond to the deciding official before his removal.

¶11　　　While a tenured federal employee has a due process right to respond to a proposed removal, that right may be waived, provided the waiver is knowing, voluntary, and intelligently made. *See generally D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 187 (1972) (a party may waive due process concerning a property right). Here, the agency provided the appellant notice of his right to

---

[4] In an apparent typographical error, the court cited 5 U.S.C. § 7501, which defines "employee" for purposes of chapter 75, subchapter I, governing suspensions of 14 days or less.

respond to the deciding official, and he made no attempt to exercise that right. IAF, Tab 11, Subtabs 4b, 4c. The appellant initially testified that he did not respond to the proposed removal because he was under the impression, based on previous conversations with the deciding official, that the deciding factor would be the recommendation of the DOHA administrative judge to restore his eligibility. Hearing Compact Disc (HCD) at 2:35. It is undisputed, however, that when the agency issued the proposal notice the appellant had already been informed that his CAB appeal had been denied, notwithstanding the recommendation of the DOHA administrative judge. IAF, Tab 11, Subtabs 4c, 4d. The appellant further testified that, once he learned that CAB had not followed the recommendation of the DOHA administrative judge, he concluded that a response to the deciding official would make no difference. HCD at 2:36. However, regardless of whether the appellant declined to respond because he believed it to be unnecessary, or out of a sense of futility, the agency was not obliged to read his mind and schedule a response on its own initiative. *See Smith v. U.S. Postal Service*, 789 F.2d 1540, 1544-45 (Fed. Cir. 1986). In the absence of any indication that the appellant made a reasonable effort to assert his right to respond, or that the agency denied him his right to respond through action, negligence, or design, we find that the appellant was not denied due process. *See id.* at 1543, 1545; *Ray v. Department of the Army*, 97 M.S.P.R. 101, ¶¶ 19, 22 (2004), *aff'd*, 176 F. App'x 110 (Fed. Cir. 2006).

The removal is sustained.

¶12        With regard to nexus and penalty, it is well settled that a failure to meet the requirements of a position justifies removal of an individual from the position. *See Benally v. Department of the Interior*, 71 M.S.P.R. 537, 538-39, 542 (1996) (removal of an employee who did not meet a job requirement to hold a driver's license). Where an employee in a sensitive position is denied eligibility to occupy a sensitive position, the loss of eligibility is fatal to the job entitlement. *See Robinson v. Department of Homeland Security*, 498 F.3d 1361, 1365

(Fed. Cir. 2007) (loss of security clearance). Consideration of the *Douglas* factors would be inappropriate in this case, because in the absence of a statute or regulation requiring the agency to seek out alternative employment, we lack authority to review whether the lesser sanction of reassignment to a nonsensitive position would have been feasible. *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed. Cir. 1989); *cf. Radcliffe v. Department of Transportation*, 57 M.S.P.R. 237, 241 (1993) (removal for failure to complete training requirements). We therefore sustain the agency's action.

## ORDER

¶13        This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.