Opinion for the court filed PER CURIAM. Concurring opinion filed by RADER, Circuit Judge. Concurring opinion filed by PLAGER, Senior Circuit Judge.
*1362 PER CURIAM.
This is a security clearance case. Raleigh W. Robinson, Jr. was removed from his position with the Department of Homeland Security (“agency”) after the agency revoked his security clearance, which was a condition of his employment. Mr. Robinson appealed his removal to the Merit Systems Protection Board (“MSPB”), arguing that his minimum due process rights had been denied because the agency’s decision to revoke his security clearance had been “predetermined.” The MSPB affirmed the agency’s removal decision.[1]
Mr. Robinson appeals the decision of the MSPB, and challenges the ruling by the administrative judge who initially decided his appeal to exclude testimony from a witness. The witness, if permitted, would have testified regarding the agency’s alleged “predetermination” that Mr. Robinson’s security clearance should be revoked. For the reasons explained below, we conclude that the MSPB’s decision should be affirmed. We explain these reasons in some detail in hopes that the MSPB and litigants before the MSPB will better understand the applicable law.
BACKGROUND
Before his removal, Mr. Robinson was employed as a Criminal Investigator (Special Agent) with the United States Secret Service (“USSS”), Office of Investigations, Little Rock Field Office. He held a Top Secret security clearance, which was a requirement of his position. On February 5, 2004, the agency notified Mr. Robinson that his security clearance had been suspended based on an ongoing investigation and that it would remain suspended until security concerns regarding him had been resolved. On March 24, 2004, the agency issued a Notice of Determination advising Mr. Robinson that a determination had been made that his security clearance should be revoked. The Notice set forth specific allegations relating to activities and work hours claimed by Mr. Robinson that could not be reconciled with the agency’s official records. The Notice further stated in some detail why the explanation he gave during the investigation was less than satisfactory, raising questions about his personal and possible criminal conduct. Reference was made to the Adjudicative Guidelines for Determining Eligibility for Access to Classified Information contained in 32 C.F.R. Part 147, specifically the guidelines regarding Personal Conduct (Guideline E) and Criminal Conduct (Guideline J).
In the Notice of Determination, the agency informed Mr. Robinson that the deciding official in his case would be the Acting Deputy Assistant Director of the Office of Human Resources and Training. The Notice further stated that, pursuant to Executive Order 12,968, Access to Classified Information, he had specified rights, including the right to be represented by counsel, the right to request documents upon which the decision that his security clearance should be revoked was based, the right to respond in writing, and the right to appear personally before the deciding official.[2] The Notice also explained that, if Mr. Robinson did not respond within the stated time period, the determina *1363 tion to revoke his clearance would become final.
Mr. Robinson requested and was provided with the supporting documentation. Subsequently, through counsel, he replied in writing to the Notice of Determination, arguing at some length the merits of why the proposed revocation was not justified. His reply also stated that “we have concluded that it would be a waste of resources for Mr. Robinson to personally appear in this process, the outcome of which appears to be predetermined.” The deciding official responded by letter assuring Mr. Robinson that the result was not predetermined and that each case is given careful consideration.
Thereafter, the deciding official by letter advised Mr. Robinson that, after a careful review of the record, she had determined that his Top Secret clearance “should remain revoked.”[3] The same letter advised him that he could appeal her decision to the USSS Security Appeals Board and provided him with information about how that could be done. This process was consistent with the review procedures provided by Executive Order 12,968. Mr. Robinson did appeal the decision to the agency’s Security Appeals Board. In due course, the Board advised Mr. Robinson that, after reviewing the record, they had decided that his security clearance should remain revoked.
Subsequently, the agency proposed to remove Mr. Robinson from employment with the Secret Service because, since the decision of the Board was final and his security clearance had been revoked, he no longer met the requirements of his position. Mr. Robinson was informed of his right to respond orally and in writing, but he chose not to do so. On March 3, 2005, the agency’s deciding official issued a decision sustaining Mr. Robinson’s removal, effective the following day.
Following his removal, Mr. Robinson filed a timely appeal with the MSPB. In preparation for the hearing before the administrative judge, Mr. Robinson filed a Statement of Facts and Issues indicating that he would call as a witness Terry Edwards, a retired supervisor at the office where Mr. Robinson worked, to “testify as to the predetermination of the appellant losing his security clearance.” At the pre-hearing conference on May 18, 2005, the administrative judge decided that Mr. Edwards was not approved to testify because his proffered testimony was not relevant to the only issue to be adjudicated — “whether the appellant was granted minimum due process protection.” Mr. Robinson sought reconsideration of this determination in a response in which he argued generally that constitutional guarantees of procedural due process required an unbiased decision maker. The response contained no facts or specific allegations about either the deciding official (the Acting Deputy Assistant Director), or the reviewing officials (the members of the USSS Security Appeals Board). The administrative judge denied the request the following day.
Mr. Robinson subsequently withdrew his request for a hearing and requested that the MSPB render a decision based on the record. He submitted for the record a written declaration from Mr. Edwards, the former supervisor. In that statement, Mr. Edwards related that he and former Special Agent in Charge Crowley had met at a restaurant in February 2004 to discuss Mr. *1364 Robinson’s case, and at that meeting “Robinson was advised, in writing, that his [Top Secret security clearance] was being suspended, pending further treatment and USSS investigation.” Mr. Edwards further stated that he believed that prior to that meeting there had been one or possibly two telephone conversations between Agent Crowley and officials at USSS Headquarters concerning the future employment of Mr. Robinson, and, “based on my personal impressions, that a decision relating to the final disposition of Robinson’s employment status with USSS was arrived at before the February 2004 restaurant meeting.” The Edwards letter became a part of the record.[4]
In an initial decision the administrative judge found that the agency had afforded Mr. Robinson “minimum due process protection” in the denial of his security clearance and had properly followed the procedures of 5 U.S.C. § 7513 when it removed him from his position. No mention was made of the Edwards declaration. The administrative judge’s decision became the final decision of the MSPB when the MSPB denied Mr. Robinson’s petition for review.
Mr. Robinson filed a timely notice of appeal. We have jurisdiction to review the MSPB’s final decision pursuant to 28 U.S.C. § 1295(a)(9).
DISCUSSION
1.
When we review a decision of the MSPB, we do so under a deferential standard as prescribed by statute. The MSPB’s decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).
On appeal from the agency’s decision to terminate his employment, Mr. Robinson argues that the MSPB abused its discretion by excluding Mr. Edwards’ proposed testimony, which Mr. Robinson alleges would show that the decision to revoke his security clearance was predetermined. Because the decision to revoke his security clearance was predetermined, argues Mr. Robinson, he was denied the minimum due process to which the law entitles him. The Government responds that the MSPB lacks the authority to review the agency’s security clearance determination at all, and may only review whether the agency followed the procedures for taking adverse actions contained in 5 U.S.C. § 7513(b) when it removed him. Because Mr. Edwards’ testimony would relate only to the underlying security clearance decision, the Government contends, the MSPB correctly excluded it. The administrative judge’s decision, which became the decision of the MSPB, was that Mr. Robinson had been afforded the procedural protections of § 7513 in the removal action, and in addition “the appellant’s security clearance was revoked only after he had been afforded the minimum due process rights to which he was entitled.”
As the Government notes, and contrary to Mr. Robinson’s argument and what appears to be the MSPB’s view, security clearance decisions are not reviewable for “minimum due process protection.” We consistently have held that a federal employee does not have a liberty or property interest in access to classified information, Jones v. Dep’t of the Navy, 978 F.2d 1223, 1225-26 (Fed.Cir.1992), and *1365 therefore the revocation of a security clearance does not implicate constitutional procedural due process concerns. See Hesse v. Dep’t of State, 217 F.3d 1372, 1381 (Fed.Cir.2000) (“[T]he Due Process Clause of the Fifth Amendment has no application to a proceeding to review an employee’s security clearance.”). The opportunity a government employee may have for access to top secret or other classified information is not subject to due process procedural protections but rather is subject to the applicable statutes and regulations for issuing and revoking such clearances.
In his reply brief Mr. Robinson shifts ground and argues that he seeks only the minimal due process required under § 7513, the statute regarding removal actions. But in an adverse employment action, such as removal, based on failure to maintain the security clearance required by the job description, the absence of a properly authorized security clearance is fatal to the job entitlement. Mr. Robin- • son’s case is not one that falls into the interstices of the § 7513 process such as the suspension cases of King v. Alston[5] and Cheney v. Department of Justice.[6] We need not address the full scope of those earlier cases nor is it our task as a panel to reconsider the correctness of those decisions. However, in Mr. Robinson’s case, the revocation of his security clearance was a completed matter in which he fully participated, so that its absence became a matter of record before the MSPB on which the MSPB could rely.
2.
We further note that, even if the issue of whether the revocation of Mr. Robinson’s security clearance was predetermined were properly before us, the record does not demonstrate that Mr. Edwards’ proposed testimony would show such bias on the part of agency personnel responsible for deciding whether to revoke Mr. Robinson’s security clearance as to affect the decision. Mr. Edwards’ conclusion that the decision regarding Mr. Robinson’s security clearance was predetermined appears to be based on his “personal impressions”—he was aware of one or two conversations between the Special Agent in Charge of the Little Rock Field Office and headquarters officials prior to the February 2004 suspension of the security clearance, and he was unaware of any follow-up investigation after that time. It should surprise no one that the local agent in charge would confer in advance before suspending a fellow agent of long-standing in the Service, and whether Mr. Edwards would be in the chain of command once the investigation was underway is not made known.
Nor do Mr. Edwards’ statements demonstrate that any particular decision maker at the agency was incapable of judging fairly on the merits whether Mr. Robinson’s security clearance should be revoked, nor do they show that a decision was made without consideration of the relevant information. They merely confirm what the other evidence of record already indicates: as a result of an investigation into Mr. Robinson’s conduct, agency officials concluded that Mr. Robinson’s behavior raised enough concerns to suspend, and subsequently revoke, his security clearance. Therefore, even if the alleged “predetermination” of Mr. Robinson’s security clearance revocation was within the scope of the MSPB’s review, the exclusion of Mr. Edwards’ testimony was not an abuse of discretion. See Guise v. Dep’t of Justice, 330 F.3d 1376, 1379 (Fed.Cir.2003) (“A determination to allow or exclude witness testi *1366 mony is within the sound discretion of the administrative judge.”).
CONCLUSION
The decision of the MSPB is

AFFIRMED.

COSTS
Each party shall bear its own costs.

. The administrative judge’s initial decision dated June 27, 2005, became the final decision of the Board when the Board denied Mr. Robinson’s petition for review. Robinson v. Dep't of Homeland Sec., No. DA-0752-05-0329-1-1, 100 M.S.P.R. 385, 2005 WL 3054544 (M.S.P.B. Nov. 7, 2005).

. See Exec. Order No. 12,968 § 5.2(a), 60 Fed.Reg. 40,245, 40,252 (Aug. 2, 1995) (setting forth review procedures for denials and revocations of security clearances).

. The phrase "remain revoked" is inconsistent with the terminology of the Notice of Determination, which is cast in terms of the future — "should be revoked.” The inconsistency is not explained in the record, but is of no controlling significance in the case; we understand the named deciding official to have made the operative decision to revoke Mr. Robinson’s security clearance.

. The agency objected to Mr. Robinson's submission of the declaration, but the administrative judge never ruled on the objection.

. 75 F.3d 657 (Fed.Cir.1996).

. 479 F.3d 1343 (Fed.Cir.2007).