NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3087

JAMES E. SLATE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

James E. Slate, of Mt. Airy, North Carolina, pro se.

Shari A. Rose, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2009-3087

JAMES E. SLATE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board
in DC3330080612-I-2

_____

DECIDED: August 10, 2009

_____

Before LOURIE, CLEVENGER and SCHALL, Circuit Judges.

PER CURIAM.

James E. Slate seeks review of the final decision of the Merit Systems Protection Board (board) dismissing his claim for relief under the Veterans Employment Opportunities Act of 1998 (VEOA). Slate v. U.S. Postal Serv., 110 M.S.P.R. 306 (Table) (M.S.P.B. 2008). We affirm.

I

Mr. Slate is a former Postal Service letter carrier who was removed from employment by the agency on August 4, 2000, for improper conduct and failure to follow instructions. Mr. Slate challenged his removal through arbitration and by a suit filed with

the board. The board proceeding was dismissed without prejudice so Mr. Slate could proceed with arbitration. Mr. Slate lost his challenge through arbitration, and, effective June 25, 2001, was removed from the employment rolls by the agency. Thereafter, Mr. Slate reinstated his board suit. In due course, the board heard his challenge to the removal and ruled against him. The board's final decision sustaining his removal is dated May 10, 2004.

On May 28, 2008, Mr. Slate filed a complaint with the Department of Labor (DOL) alleging violation of his VEOA rights. In particular, Mr. Slate argued that he should not have been removed from the agency's employment rolls until the board finally sustained his removal on May 10, 2004. The consequences of the allegedly incorrect earlier removal from the employment rolls denied Mr. Slate additional years of service that would have allegedly qualified him for retirement benefits. Understanding the alleged VEOA violation to have been removal from the employment rolls on August 4, 2000, the DOL dismissed Mr. Slate's VEOA claim as untimely. The VEOA required Mr. Slate to have filed his complaint with the DOL within sixty days of the alleged VEOA violation.

Mr. Slate appealed the DOL's dismissal to the board. Under Kirkendall v. Department of the Army, 479 F.3d 830, 835-44 (Fed. Cir. 2007) (en banc), cert. denied, 128 S. Ct. 375 (2007), the doctrine of equitable tolling applies to the sixty-day filing window at the DOL. The administrative judge assigned to Mr. Slate's appeal notified Mr. Slate of the sixty-day filing requirement and informed him that the requirement could be waived for a good-cause showing that equitable tolling should forgive Mr. Slate's untimely filing at the DOL. Mr. Slate replied that "[a]gency trickery or misconduct in part caused the appellant's delay in appealing."

2009-3087                                    2

On August 13, 2008, the administrative judge issued her initial decision. In it, she explained that Mr. Slate had failed to show good cause to invoke equitable tolling to forgive his late filing of his VEOA complaint. With regard to the allegation that the agency, by trickery or misconduct, was responsible for Mr. Slate's untimely filing, the decision explained that Mr. Slate had alleged no facts which, if proven, would have sustained his unsubstantiated contention that the agency was to blame for his untimely complaint to the DOL. Accordingly, the initial decision dismissed Mr. Slate's VEOA claim for untimeliness and failure to show entitlement to equitable tolling. The initial decision became the board's final decision when the board denied Mr. Slate's petition for review on October 29, 2008. Mr. Slate timely sought review in this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

We review a final decision of the board to determine if it is "arbitrary, capricious an abuse of discretion, or otherwise not in accordance with law, rule or regulation; or unsupported by substantial evidence." Robinson v. Dep't of Homeland Sec., 498 F.3d 1361, 1364 (Fed. Cir. 2007) (citing 5 U.S.C. § 7703(c)). Further, the board's findings of fact must be supported by substantial evidence. O'Keefe v. U.S. Postal Serv., 318 F.3d 1310, 1314 (Fed. Cir. 2002).

The only issue in this appeal is whether the board erred in concluding that Mr. Slate had not made a case for equitable tolling of the sixty-day filing provision. Without support for his bare assertion that the agency was responsible for his delay, the board did not abuse its discretion in denying Mr. Slate the benefits of equitable tolling. Without those benefits, Mr. Slate's VEOA complaint was untimely and thus correctly

dismissed. The board did not err in denying Mr. Slate's request for corrective action under VEOA.

COSTS

No costs.