NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LERON J. FULLER,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2011-3180

---

Petition for review of the Merit Systems Protection Board in Case No. DC0752110275-I-1.

---

Decided: February 13, 2012

---

LERON J. FULLER, of Virginia Beach, Virginia, pro se.

KENNETH D. WOODROW, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director.

---

Before Bryson, Clevenger, and O'Malley, *Circuit Judges*.

Per Curiam.

## DECISION

LeRon J. Fuller petitions for review of a decision of the Merit Systems Protection Board upholding his suspension from his position with the Department of the Navy after the Navy suspended his access to classified information. We affirm.

## BACKGROUND

Mr. Fuller was employed by the Navy as a Marine Machinery Mechanic at the Norfolk Naval Shipyard. On November 3, 2010, Mr. Fuller became disruptive and aggressive towards security personnel at the shipyard's security building. He was physically removed from the building, and his badge was confiscated because his disruptive behavior raised concerns about the potential for workplace violence.

Mr. Fuller was directed to report to the office of the personnel security supervisor the next day. When he reported as directed, Mr. Fuller was given written notification that the Navy intended to suspend his security access. The notification included documentation setting forth the information that led to the proposed suspension, and it accorded him the right to respond to the proposed suspension.

On November 9, 2010, Mr. Fuller provided his response to the information in the notice. After considering the response, the shipyard's security director, who had the authority to suspend employees' access to classified

and sensitive information, suspended Mr. Fuller's security access. On that day, Mr. Fuller was scheduled to meet with an administrative services specialist for a pre-action interview, but he did not appear for that interview.

The deputy shipyard production superintendent subsequently issued a notice proposing to suspend Mr. Fuller indefinitely from his position, with the suspension to take effect no earlier than 30 days from the date of the notice. The notice stated that the reason for the proposed indefinite suspension was the suspension of Mr. Fuller's access to classified and sensitive information. The notice added that Mr. Fuller would continue to be on paid administrative leave status during the notice period, and it further provided that Mr. Fuller could respond to the proposed suspension orally or in writing within 15 days. Mr. Fuller received the notice on November 16, 2010, but he did not submit a response.

On December 2, 2010, the production resource manager at the shipyard issued a final decision suspending Mr. Fuller indefinitely from his position, effective as of December 17, 2010. Mr. Fuller received a letter advising him of his indefinite suspension on December 9, 2010. The letter explained Mr. Fuller's appeal rights, and Mr. Fuller appealed the suspension to the Merit Systems Protection Board. On April 5, 2011, a Board administrative judge conducted a hearing on Mr. Fuller's appeal.

Following the hearing, the administrative judge sustained Mr. Fuller's suspension. The administrative judge found that Mr. Fuller's position required a security clearance, that his security access was suspended, and that he was indefinitely suspended from his job on that basis. The administrative judge also found that Mr. Fuller had been given all the adverse action procedural rights to

which he was entitled under 5 U.S.C. § 7513(b) and 5 C.F.R. Part 752. The administrative judge rejected Mr. Fuller's arguments that his rights under section 7513(b) and under the Constitution had been violated. When Mr. Fuller did not file a petition for review by the full Board, the administrative judge's decision became final. This appeal followed.

## DISCUSSION

The Merit Systems Protection Board has jurisdiction to review "adverse actions" against federal employees, 5 U.S.C. § 7513(d), including suspensions for more than 14 days, *id.* § 7512(2). When an employee is subjected to an adverse action following the denial or revocation of a security clearance, however, the Board may not review the merits of the underlying security clearance determination. *Hesse v. Dep't of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000). Instead, in the case of an adverse action following the denial or revocation of a security clearance, review by the Board and by this court is limited to determining whether the security clearance in question was denied or revoked, whether having a security clearance was a requirement of the employee's position, and whether the agency followed the prescribed procedures set forth in 5 U.S.C. § 7513 and 5 C.F.R. Part 752 in taking the action in question. *Hesse*, 217 F.3d at 1376.

It is undisputed that the Navy suspended Mr. Fuller's access to classified information and that Mr. Fuller's position required access to classified information. As to the remaining question, we sustain the administrative judge's determination that the agency followed the requisite procedures in effecting his suspension.

Section 7513(b) of Title 5 states:

An employee against whom an action is proposed is entitled to—

(1) at least 30 days' advance written notice, unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed, stating the specific reasons for the proposed action;

(2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer;

(3) be represented by an attorney or other representative; and

(4) a written decision and the specific reasons therefor at the earliest practicable date.

As applied to an employee in Mr. Fuller's position, the pertinent regulations set forth the essentially same rights in greater detail. *See* 5 C.F.R. § 752.404.

The record reflects that Mr. Fuller was given advance written notice of the proposed suspension and a meaningful opportunity to respond. His indefinite suspension began on December 17, 2010. He was provided with notice of the Navy's intent to suspend his security access on November 4, 2010. The notice included documentation setting forth the information that led to the proposed suspension. Mr. Fuller admits that he received the notice, and he responded to it on November 8, 2010. On November 16, Mr. Fuller received notice of his proposed indefinite suspension; the notice explained that his suspension would begin no earlier than 30 days from the date Mr. Fuller received the notice. The notice further ex-

plained that Mr. Fuller would continue on paid administrative leave during the notice period, that the reason for his proposed indefinite suspension was the suspension of his access to classified information, and that he was entitled to respond to the notice within 15 days. Mr. Fuller does not dispute that he received that notice.

Mr. Fuller contends that he was not afforded a pre-action interview and that the Navy therefore did not comply with section 7513(b). The Board determined, however, that Mr. Fuller voluntarily failed to appear for his pre-action interview, and substantial evidence supports that determination. Mr. Fuller also failed to submit a response to the notice of proposed indefinite suspension, even though that notice expressly provided him with the right to respond within 15 days. Moreover, the record reflects that Mr. Fuller was represented by a union representative and that he received a timely written decision regarding his suspension. Accordingly, we uphold the administrative judge's determination that Mr. Fuller was not denied any of the rights to notice and to be heard that are provided under section 7513.

We also reject Mr. Fuller's argument that the Navy violated his rights under section 7513(b) or his constitutional rights when it confiscated his badge. Mr. Fuller remained on administrative leave with pay for approximately six weeks following the confiscation of his badge, so the confiscation itself did not have the effect of suspending him. By statute, a suspension results in "a temporary status without duties *and pay*," 5 U.S.C. § 7501(2) (emphasis added), so he was not suspended until his pay status was revoked on December 17, 2010. Moreover, Mr. Fuller has no liberty or property interest in access to classified information or to restricted government premises. Government credentials and access

badges are not the personal property of the credentialed individual, but are government-issued documents indicating that the holder is entitled to special access to restricted government premises or materials. Because individual employees have no vested right to such access, the confiscation of Mr. Fuller's badge, and the resulting termination of his right of access to restricted premises did not implicate any due process concerns. *Robinson v. Dep't of Homeland Sec.*, 498 F.3d 1361, 1364-65 (Fed. Cir. 2007); *Hesse*, 217 F.3d at 1381; *Jones v. Dep't of the Navy*, 978 F.2d 1223, 1225 (Fed. Cir. 1992). His statutory and constitutional claims based on the confiscation of his badge therefore lack merit.

No costs.

**AFFIRMED**