# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARTER  D. MANSFIELD,
    Appellant,

    v.

DEPARTMENT OF JUSTICE,
    Agency.

DOCKET NUMBER
AT-0752-13-4111-I-1

DATE: August 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joel J. Kirkpatrick</u>, Esquire, Plymouth, Michigan, for the appellant.

<u>Carol A. Joffe</u>, Springfield, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member
Vice Chairman Wagner issues a separate, dissenting opinion.

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. See Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is a GS-13 Criminal Investigator with the Drug Enforcement Agency (DEA) in Miami, Florida. Initial Appeal File (IAF), Tab 5 at 24. The appellant's position has been designated as critical sensitive, and therefore requires eligibility to access National Security Information (NSI).[2] IAF, Tab 16 at 10, 28, 35.

¶3 On February 1, 2013, the Acting Deputy Chief Inspector, Office of Security Programs, issued the appellant a preliminary decision to revoke the appellant's eligibility for access to NSI. IAF, Tab 5 at 124-56. The decision letter explained

---

[2] Pursuant to Order DOJ 2610.2B, NSI is defined as classified information, or information requiring protection against unauthorized disclosure. IAF, Tab 16 at 12-13; *see also* Exec. Order No. 12,968, 50 Fed. Reg. 40,245, § 1.1(d) (Aug. 2, 1995). Access to NSI is granted by the Department Security Officer (DSO) or designee on a need-to-know basis. IAF, Tab 16 at 12-13, 20; *see also* Exec. Order No. 12,968, §§ 1.2(c), 2.5, 3.1; 28 C.F.R. §§ 17.41(a), 17.45. The DSO or designee also denies, suspends, or revokes employee access to NSI in accordance with Executive Order 12,968. IAF, Tab 16 at 15, 20. Where the DSO or designee has made a final decision denying or revoking an employee's access to NSI, the employee may file an appeal of that decision with the Access Review Committee. IAF, Tab 16 at 22; 28 C.F.R. §§ 17.15, 17.47(d).

that the proposed action was based on the appellant's alleged violation of foreign influence, sexual behavior, and personal conduct guidelines under Executive Order 12,968. *Id*. The agency alleged that the appellant violated these guidelines when he assisted with the arrangement of services of a sexual services provider for a U.S. Secret Service Supervisory Agent and himself to be performed in the appellant's government-provided living quarters in Cartagena, Colombia. *Id*. The agency also contended that, on a separate occasion while on official U.S. government travel in Medellin, Colombia, the appellant solicited and attempted to use the services of another sexual services provider. *Id*. After providing the appellant with the opportunity to respond verbally and in writing, the Acting Deputy Chief Inspector[3] issued a May 17, 2013 decision revoking the appellant's eligibility for access to NSI. *Id*. at 73-74. The appellant filed an appeal of that decision with the Access Review Committee (ARC). IAF, Tab 16 at 6.

¶4 On June 11, 2013, the agency issued the appellant a letter proposing his indefinite suspension based on the Acting Deputy Chief Inspector's decision "to revoke [his] access to [NSI] (Top Secret Clearance)." IAF, Tab 5 at 69-71. The appellant was provided with the opportunity to respond to the notice of proposed indefinite suspension verbally and in writing. *Id*. at 70.

¶5 On July 22, 2013, the deciding official issued a final decision indefinitely suspending the appellant without pay from his position as a Criminal Investigator. *Id*. at 31-32. In explaining the basis for his decision, the deciding official stated that the appellant's position of Criminal Investigator is classified as critical sensitive, thereby requiring eligibility to access NSI and a Top Secret Clearance. *Id*. at 31. The deciding official stated that both the appellant's eligibility to access NSI and his Top Secret Clearance were revoked on May 17, 2013. *Id*. The deciding official further stated that the indefinite suspension would remain in

[3] The Acting Deputy Chief Inspector of the Office of Security Programs was authorized to make decisions regarding employees' eligibility for access to NSI and the issuance and revocation of security clearances. IAF, Tab 16 at 9.

effect until a final decision by ARC concerning the appellant's security clearance was issued and any administrative action was finalized. *Id*. at 31. The appellant's indefinite suspension was effected on July 29, 2013. *Id*. at 24.

¶6 Thereafter, the appellant filed an appeal with the Board. IAF, Tab 1. After the appellant waived his request for a hearing, the administrative judge issued an initial decision on the written record affirming the agency's action. IAF, Tab 19, Initial Decision (ID).

¶7 The appellant timely filed a petition for review, in which he alleges that the penalty of indefinitely suspending him was unreasonable because the agency condoned his continued access to NSI following the preliminary revocation of his security clearance in February 2013 until his indefinite suspension in July 2013. Petition for Review (PFR) File, Tab 1 at 5, 17-23. The agency has filed a response to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 In an appeal of an indefinite suspension based on the revocation of a security clearance, the Board may review, among other things, whether the employee's position required a security clearance, whether the security clearance was revoked, and whether the procedures set forth in 5 U.S.C. § 7513(b) were followed. *See Cheney v. Department of Justice*, 479 F.3d 1343, 1352 (Fed. Cir. 2007) (defining the Board's scope of review in a case involving an indefinite suspension based on the suspension of the appellant's security clearance); *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000) (same). The Board may not, however, review the merits of the underlying security clearance determination. *Cheney*, 479 F.3d at 1349-50.

The agency proved its charge.

¶9 The agency proved its charge of revocation of access to NSI (Top Security Clearance). In a charge involving denial of eligibility for a security clearance or access to classified information, all that the agency is required to prove is that the

appellant's position required such clearance or access, and that it was revoked. *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262 ¶ 23 (2014) (upholding a charge of suspension of Top Secret security clearance); *see also Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 8 (2014) (upholding a charge of denial of eligibility to occupy a sensitive position). Here, it is undisputed that the appellant's critical sensitive position required him to have access to NSI and maintain a security clearance. IAF, Tab 16 at 5. In the initial decision, the administrative judge found that the appellant's eligibility to access NSI, and thereby his security clearance, was revoked on May 17, 2013. ID at 4. The administrative judge found that, accordingly, the agency had proven the reason for the indefinite suspension by preponderant evidence.[4] ID at 4. The parties do not dispute these findings, and we discern no basis for disturbing them on review.[5]

¶10 Rather, in his petition for review, the appellant contends that the agency failed to establish nexus and the reasonableness of the penalty. In particular, the appellant asserts that the agency's action did not meet the efficiency of the service standard because after the revocation of his eligibility to access NSI and during the pendency of the proposed indefinite suspension, his duties did not change. PFR File, Tab 1 at 5, 17, 19-23. The appellant further contends that the penalty was not reasonable because the agency could have reassigned him to the position he encumbered during the pendency of the proposed indefinite

---

[4] The administrative judge stated in the initial decision that the appellant was indefinitely suspended for one cited reason: the revocation of his access to NSI. ID at 4. However, the agency's proposal notice and final decision letter specifically refer to both the revocation of the appellant's access to NSI and the revocation of his security clearance as the bases for the agency's indefinite suspension action. IAF, Tab 5 at 31, 69. In any event, in finding that the agency had proven the reason for the indefinite suspension, the administrative judge found that the agency had revoked both the appellant's access to NSI and his security clearance. ID at 4.

[5] The parties also do not dispute the administrative judge's finding that the agency provided the appellant with the procedural protections of 5 U.S.C. § 7513(b). ID at 4-5. Accordingly, we do not further discuss this finding here.

suspension. *Id*. at 18-23. The appellant also asserts that the deciding official erred in failing to address "the continued viability of keeping [him] in place pending the ARC appeal process." *Id*. at 20.

The agency's action promoted the efficiency of the service and the Board lacks authority to review whether reassignment was feasible.

¶11      It is well settled that, where an adverse action is based on the failure to maintain a security clearance required by the job description, the action promotes the efficiency of the service because "the absence of a properly authorized security clearance is fatal to the job entitlement." *Robinson v. Department of Homeland Security*, 498 F.3d 1361, 1365 (Fed. Cir. 2007). Because the appellant's critical sensitive position required eligibility to access NSI and a security clearance, the revocation of the appellant's eligibility to access NSI and the revocation of his security clearance were fatal to the job requirement. *See Flores*, 121 M.S.P.R. 287, ¶ 12 (loss of eligibility to occupy a sensitive position was fatal to the job entitlement where the appellant occupied a sensitive position). Although the appellant contends that he continued to perform the duties of his position after the revocation of his access to NSI and during the pendency of the proposed indefinite suspension, his assertion does not show that the agency's action was inconsistent with the efficiency of the service. To the extent that the appellant is challenging the agency's decision to indefinitely suspend him before the issuance of a decision regarding his security clearance by ARC, an agency may place an employee on indefinite suspension pending a final determination of his eligibility for a required security clearance, as such an action promotes the efficiency of the service. *Jones v. Department of the Navy*, 978 F.2d 1223, 1226 (Fed. Cir. 1992).

¶12      Regarding the appellant's contention that the agency failed to consider the feasibility of reassignment, he has failed to identify any statute or regulation that would have provided him with the right to reassignment to a nonsensitive

position. Consideration of the *Douglas* factors[6] would be inappropriate in this case because, in the absence of a statute or regulation requiring the agency to seek out alternative employment, we lack authority to review whether the lesser sanction of reassignment to a nonsensitive position would have been feasible.[7] *Flores*, 121 M.S.P.R. 287, ¶ 12; *see also Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580-81 (Fed. Cir. 1989) (5 U.S.C. § 7513 contains no obligation to transfer an applicant who unsuccessfully sought to obtain a security clearance to a nonsensitive position if possible).

The appellant has failed to show that the agency violated its own procedures in imposing the indefinite suspension.

¶13    Section 7513 is not the only source of procedural protections for employees subject to adverse actions based on the denial, revocation, or suspension of a security clearance; agencies must also comply with the procedures set forth in their own regulations. *Romero v. Department of Defense*, 527 F.3d 1324,

---

[6] *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981) (setting forth the standard for the Board's review of agency-imposed penalties).

[7] To the extent that the appellant intends to argue that the agency denied him due process in connection with the penalty, we find that the Board's recent decision in *Buelna* does not provide a basis for review. *See* IAF, Tab 1 at 6 (raising the failure to transfer to a different position as a due process issue). In an order and summary of conference call, the administrative judge stated that the Board could not consider constitutional due process claims in connection with the appeal. IAF, Tab 12 at 2. Since the issuance of the initial decision, however, the Board issued *Buelna*, 121 M.S.P.R. 262, in which it reaffirmed its authority to determine whether an agency has afforded an appellant due process in taking an adverse action based on a security clearance determination, *id*., ¶ 15. However, due process does not demand that the deciding official consider alternatives that are prohibited, impracticable, or outside management's purview. *Id*., ¶ 27. To the extent that there may have existed viable alternatives to suspension without pay, the appellant had a due process right to invoke the discretion of a deciding official with authority to change the outcome of the proposed action to the extent that may have been feasible. *Id*., ¶ 28. The appellant in this case has failed to submit any evidence or argument suggesting that the deciding official lacked the authority to consider any such alternatives or that any such alternatives existed. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

1328-30 (Fed. Cir. 2008) (the Board may consider whether the agency committed harmful error by violating its own procedures in revoking a security clearance); *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 8 (2014) (same). Hence, the Board may review whether the agency complied with its own procedures for revoking a security clearance and for taking an adverse action based on such revocation. *Schnedar*, 120 M.S.P.R. 516, ¶ 8.

¶14    As previously noted, the appellant asserts on review that the deciding official erred in failing to address "the continued viability of keeping [him] in place pending the ARC appeal process." PFR File, Tab 1 at 20. To the extent that the appellant is contending in his petition for review that the agency committed harmful procedural error by effecting his indefinite suspension before the issuance of a decision regarding his clearance by ARC, the appellant has not identified any agency regulation stating that the agency may not take an adverse action if the employee concerned has filed an appeal with ARC and is still awaiting a decision on that appeal. The appellant has not otherwise raised any argument that would suggest that the agency violated its regulations in revoking his access to NSI, and thereby his security clearance, and in effecting his indefinite suspension.

¶15    Based on the foregoing, we discern no basis for disturbing the initial decision affirming that agency's indefinite suspension action.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

¶1        I respectfully dissent from the Majority's decision to affirm the initial decision, which sustained an indefinite suspension based on the agency's preliminary decision to revoke the appellant's security clearance.  Specifically, the Majority's nonprecedential final order illustrates the concerns raised in my separate opinion in *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262 (2014) that the Board has unduly restricted the scope of our review in adverse actions based on national security determinations, including an appellant's entitlement to due process under the Fifth Amendment.

¶2        In this appeal, the appellant has asserted that the agency denied him due process in connection with the imposition of the penalty.  IAF, Tabs 1, 13.  In particular, the appellant indicated that he intended to seek discovery from the deciding official concerning whether reassignment or action other than indefinite suspension would have been ineffective or reasonable.  IAF, Tab 13 at 5. However, in the order and summary of the close of record conference, the administrative judge granted the agency's motion for protective order and limited the scope of the appellant's deposition of the deciding official, and the issues in the appeal, solely to "whether the security clearance was denied, whether the security clearance was a requirement of the appellant's position, and whether the procedures set forth in [5 U.S.C. § 7513] were followed," citing the Federal Circuit's decision in *Gargiulo v. Department of Homeland,* 727 F.3d 1181, 1185 (Fed. Cir. 2013) (quoting *Hesse v. Department of State,* 217 F.3d 1372, 1376 (Fed. Cir. 2000)).  IAF, Tab 12 at 2.  The administrative judge further determined that the Board may not consider the appellant's claims of denial due process. This determination was erroneous because it was based on an overly broad

interpretation of *Gargiulo* and is contrary to the Majority's subsequent decision in *Buelna*.  *See* 121 M.S.P.R. 262, ¶¶ 26-28 (due process requires that the appellant be afforded an opportunity to invoke the discretion of a deciding official with authority to select an alternative punishment).

¶3    The Majority recognizes this error in its decision.  Majority Opinion at ¶ 12, n.7.  Nevertheless, despite the fact that the administrative judge severely limited the scope of discovery and the development of the record, the Majority finds that the appellant failed to submit any evidence or argument to prove that he was denied due process.  *Id.*  I dissent from this determination and would remand this appeal for further adjudication because the appellant was denied the opportunity to obtain discovery and to present evidence on this due process claim.


_____

Anne M. Wagner
Vice Chairman