**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 66**

Docket No. DA-0752-13-0445-I-1

**Jorge R. Munoz,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

August 20, 2014

Jorge R. Munoz, El Paso, Texas, pro se.

Peter Arcuri, El Paso, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has petitioned for review of the initial decision that affirmed the agency's indefinite suspension action. For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision AS MODIFIED to reflect that consideration of the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), would be inappropriate in determining the penalty in this case.

BACKGROUND

¶2     The appellant is employed as a Program Manager with U.S. Customs and Border Protection (CBP).  Initial Appeal File (IAF), Tab 1 at 2, Tab 5 at 25 of 139.  As a condition of employment, the appellant is required to obtain and maintain a Top Secret security clearance.  IAF, Tab 5 at 30 of 139.  In October 2011, the agency's Personnel Security Division (PSD) suspended the appellant's security clearance.  *Id*. at 16 of 106.  On September 17, 2012, PSD provided the appellant with a notice of determination to revoke his eligibility for access to classified information and a Statement of Reasons (SOR) underlying its determination.  *Id.* at 19-25 of 106.  The appellant submitted a response to the SOR.  *Id*. at 63-67 of 106.  On January 3, 2013, the Deputy Chief Security Officer issued a letter affirming the decision of the PSD.  *Id*. at 71-72 of 106.  Thereafter, the appellant filed an appeal with the Security Appeals Board.[1]   *Id*. at 75-76 of 106.

¶3     By letter dated January 15, 2013, the agency proposed to indefinitely suspend the appellant without pay based on the charge of "revocation of security clearance."  *Id*. at 78-80 at 106.  The appellant responded orally and in writing to the deciding official.  *Id*. at 82-104 of 106.  On May 17, 2013, the deciding official issued a decision letter sustaining the proposed indefinite suspension.  *Id*.

---

[1] As further explained in this decision, Department of Homeland Security (DHS) procedures provide for two levels of review following a decision by the PSD to revoke an employee's access to classified information.  DHS Instruction Handbook 121-01-007, "The DHS Personnel Suitability and Security Program," (hereinafter referred to as DHS Instruction Handbook), ch. 6 (2009) (located in the record at IAF, Tab 5 at 56-60 of 106).  First, the employee may appeal PSD's decision to a second-level deciding authority.  DHS procedures state that, for the Office of the Secretary and components without security offices, the second-level deciding authority is the DHS Chief Security Officer or his or her designee.  Here, the second-level deciding official was the Deputy Chief Security Officer.  IAF, Tab 5 at 71-72 of 106.  Following a decision by the second-level deciding officer, a DHS employee may appeal that decision to a third-level deciding authority—the Security Appeals Board.

at 21-23 of 139. The deciding official notified the appellant that the indefinite suspension would be effective May 21, 2013, and that the appellant would be indefinitely suspended until a final determination by the appropriate deciding official and/or the Security Appeals Board. *Id*. at 21.

¶4 The appellant subsequently filed an appeal contesting his indefinite suspension. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 13, Initial Decision (ID) at 1, 9. The administrative judge found that the agency proved its charge and afforded the appellant the protections set forth under 5 U.S.C. § 7513. ID at 6. The administrative judge further found that the agency established that the penalty was reasonable and that it bore a nexus to the efficiency of the service. ID at 6-9.

¶5 The appellant timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the appellant's petition.[2] PFR File, Tab 3.

---

[2] After the agency filed its response, the appellant filed a pleading titled "[i]nstant [a]ppeal to terminate indefinite suspension," PFR File, Tab 4, and the agency filed a reply to the appellant's pleading, PFR File, Tab 5. In his pleading, the appellant contends for the first time on review that the Security Appeals Board sustained the revocation of his security clearance on November 1, 2013, but that the agency has not acted to end his indefinite suspension or propose another adverse action. PFR File, Tab 4 at 4. On January 9, 2014, the appellant filed a separate appeal with the Dallas Regional Office in which he raised this issue; the administrative judge issued an initial decision in that appeal on August 5, 2014. *Munoz v. Department of Homeland Security*, MSPB Docket No. DA-0752-14-0194-I-1. In the interest of judicial efficiency, we do not further address this issue here because it was already considered by the regional office.

ANALYSIS

<u>The agency proved its charge and provided the appellant with the procedural protections required by statute.</u>

¶6    In *Department of the Navy v. Egan*, [484 U.S. 518](), 530-31 (1988), the Supreme Court held that in an appeal of an adverse action under chapter 75 based on the denial or revocation of a required security clearance, the Board may not review the merits of the underlying clearance determination but may review, inter alia, whether the employee's position required a security clearance, whether the security clearance was revoked, and whether the procedures set forth in [5 U.S.C. § 7513]()(b) were followed.  The administrative judge properly applied the scope of review set forth in *Egan* to this appeal.  ID at 2-3.

¶7    As noted by the administrative judge, it is undisputed that the appellant's position required a security clearance.    ID at 5; IAF, Tab 5 at 30 of 139.  In addition, the appellant's access to classified information, and thereby his security clearance, was revoked.  IAF, Tab 5 at 19-22 of 106; The DHS Personnel Security Process, OIG-09-65 (2009) (defining a security clearance as a determination that a person can access classified information); DHS Instruction Handbook, ch. 6 (2009) (using the terms "security clearance" and "access to classified information" interchangeably).[3]  Accordingly, the agency proved its charge of revocation of security clearance by preponderant evidence. *See Buelna v. Department of Homeland Security*, [121 M.S.P.R. 262](), ¶ 11 (2014) (sustaining an agency's charge of suspension of the appellant's Top Secret security clearance where the position required a security clearance and the clearance was suspended); *Flores v. Department of Defense*, [121 M.S.P.R. 287](), ¶ 8 (2014) (sustaining a charge of denial of eligibility to occupy a sensitive position where

---

[3] The relevant part of the DHS Instruction Handbook is located in the record at IAF, Tab 5 at 56 of 106.

the appellant's position was designated noncritical sensitive and where the agency denied him eligibility to occupy a sensitive position).

¶8        We further find that the agency provided the appellant the procedural protections required by statute.  Specifically, the agency provided the appellant with 30 days' advance written notice of the proposed indefinite suspension, the reasons for the proposed action, and a reasonable opportunity to reply.  IAF, Tab 5 at 78-80 of 106; *see* 5 U.S.C. § 7513(b)(1) & (2).  The agency further notified the appellant of his right to be represented by an attorney and with a written decision letter.  IAF, Tab 5 at 21-23 of 139, 79 of 106; *see* 5 U.S.C. § 7513(b)(3) & (4).

The appellant has not established harmful procedural error.

¶9        Section 7513 is not the only source of procedural protections for employees subject to adverse actions based on the denial, revocation, or suspension of a security clearance; agencies also must comply with the procedures set forth in their own regulations.  *Romero v. Department of Defense*, 527 F.3d 1324, 1328-30 (Fed. Cir. 2008); *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 8 (2014).  Under 5 U.S.C. § 7701(c)(2)(A), the Board may not sustain an adverse action decision if the employee can show "harmful error in the application of the agency's procedures in arriving at such decision."  Hence, as the Federal Circuit held in *Romero*, the Board may review whether the agency complied with its own procedures for revoking a security clearance.  *Romero*, 527 F.3d at 1329.  The Board also may review whether the agency complied with its own procedures for taking an adverse action based on such revocation.  *Schnedar*, 120 M.S.P.R. 516, ¶ 8.

¶10        DHS has set forth agency-wide procedures applying to determinations regarding access to classified information and the denial or revocation of access

to classified information.[4] DHS Instruction Handbook, ch. 6. Under these procedures, a DHS employee who has been denied access to classified information, or who has had his access to classified information revoked, is entitled to, among other things: (1) a written notice of determination by a first-level deciding authority informing the individual that his access to classified information has been denied or revoked and providing the individual with a written explanation for the determination; (2) the opportunity to reply to the notice of determination in writing and to request review of the notice of determination with a second-level deciding authority; (3) a written notice of review by a second-level deciding authority if the individual has requested review of the notice of determination; (4) the opportunity to file an appeal with the Security Appeals Board, if the second-level deciding authority's decision is to uphold the notice of determination; and (5) a written decision by the Security Appeals Board to either grant or deny access to classified information, if the individual has requested review of the second-level deciding authority's notice of review.[5] *Id.*

¶11 The record reflects that the agency complied with its procedures in revoking the appellant's security clearance. In particular, PSD provided the appellant with a written notice of determination advising him of its decision to revoke his eligibility for access to classified information. IAF, Tab 5 at 19-22 of 106. PSD further provided the appellant with a SOR underlying its determination. *Id.* at 23-25 of 106. The appellant was given the opportunity to

---

[4] These procedures state that they create no procedural or substantive rights. However, the Board's authority to review whether the agency complied with its own procedures derives from our preexisting obligation under 5 U.S.C. § 7701(c)(2)(A), and does not stand in need of creation or enlargement. *Schnedar*, 120 M.S.P.R. 516, ¶ 9. To the extent the procedures may purport to restrict that authority, we do not follow them, as the agency is without authority to relieve the Board of its statutory obligations. *Id.*

[5] The relevant pages of the DHS Instruction Handbook are located in the record at IAF, Tab 5 at 56-60 of 106.

appeal PSD's notice of determination to the Deputy Chief Security Officer, who then issued the appellant a written notice of appeal. *Id*. at 71- 72 of 106. The appellant was also provided with the opportunity to file an appeal with the Security Appeals Board. *Id*. at 72 of 106.

¶12     We note that the agency effected the appellant's indefinite suspension prior to the issuance of a final decision by the Security Appeals Board. In *Schnedar*, the Board found that the Department of the Air Force failed to comply with Department of Defense (DoD) regulations concerning personnel security determinations when it indefinitely suspended the appellant based on the revocation of his security clearance prior to the appellant's receipt of a final decision by the Personnel Security Appeals Board. *Schnedar*, 120 M.S.P.R. 516, ¶ 12. However, by their own terms, DoD regulations relating to personnel security determinations cover "an adverse action that is taken as a result of a personnel security determination." *Id.* at ¶¶ 9-11; DoD regulation 5200.2-R, C8.1. Unlike DoD regulations, DHS procedures applying to security clearance determinations do not reference adverse actions and therefore do not apply to the indefinite suspension on appeal in this case.

The agency established nexus and the reasonableness of the penalty.

¶13     It is well settled that, where an adverse action is based on the failure to maintain a security clearance required by the job description, the action promotes the efficiency of the service because "the absence of a properly authorized security clearance is fatal to the job entitlement." *Robinson v. Department of Homeland Security*, 498 F.3d 1361, 1365 (Fed. Cir. 2007). Accordingly, we agree with the administrative judge's finding that the agency established nexus. ID at 9.

¶14     Regarding the penalty, the appellant contends that the agency treated him less favorably than comparator employees. IAF, Tab 11 at 2; PFR File, Tab 1 at 4. In particular, the appellant contends that he had overheard a conversation that suggested that another employee whose security clearance was revoked was

reassigned to another position. Hearing Compact Diskette (CD) (testimony of the appellant). An appellant's allegation that the agency treated him disparately as compared to another employee, without a claim of prohibited discrimination, is an allegation of disparate penalties to be proven by the appellant and considered by the Board in determining the reasonableness of the penalty, but it is not an affirmative defense. *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 20 (2010). The consistency of an agency-imposed penalty with those imposed on other employees for the same or similar offenses is one factor the Board will consider under *Douglas*, 5 M.S.P.R. at 305-06,[6] in determining whether the penalty is reasonable, *Woebcke*, 114 M.S.P.R. 100, ¶ 20.

¶15        The traditional *Douglas* factors analysis, however, does not apply in this instance. The agency's indefinite suspension action was not a sanction or penalty for misconduct; rather, it was based on the revocation of the appellant's security clearance required for his position. *Cf. Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 18 (2014) (finding that the analysis for mitigating the penalty under *Douglas* does not apply where the agency's action is based on physical inability to perform, consistent with the Board's practice of not applying them to nondisciplinary matters). Moreover, the Board has declined to consider the *Douglas* factors in cases involving adverse actions based on security clearance or eligibility determinations where an employee has not been provided a substantive right to reassignment through statute or regulation. *See Ryan v Department of Homeland Security*, 2014 MSPB 64, ¶¶ 1, 9 (indefinite suspension based on suspension of a security clearance); *Flores*, 121 M.S.P.R. 287, ¶¶ 1-2, 12 (removal based on ineligibility to occupy a sensitive position). The Board has found that consideration of the *Douglas* factors would be inappropriate in such cases because, in the absence of a statute or regulation requiring the agency to

---

[6] In *Douglas*, the Board listed twelve nonexhaustive factors that are relevant in assessing the penalty to be imposed for an act of misconduct. 5 M.S.P.R. at 305-06.

seek out alternative employment, the Board lacks the authority to review whether an employee's reassignment to a position not requiring a security clearance would have been feasible. *Ryan*, 2014 MSPB 64, ¶ 9; *Flores*, 121 M.S.P.R. 287, ¶ 12; *see Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580-81 (Fed. Cir. 1989) (finding that, in the absence of a statute, regulation, or policy mandating the transfer or reassignment of an employee who is denied a security clearance, "the Board has no role" in reviewing whether an employee should have been reassigned instead of receiving an adverse action).

¶16    We discern no statute or regulation requiring the agency to seek out alternative employment for the appellant in this case. We therefore lack the authority to consider whether the agency could have reassigned the appellant to a position not requiring a security clearance, even if it had previously reassigned similarly-situated employees to such positions. Thus, to the extent the appellant contends that at least one other comparator employee had been reassigned following the revocation of that employee's security clearance, we decline to consider this claim under *Douglas*. *See Ryan*, 2014 MSPB 64, ¶ 9; *Flores*, 121 M.S.P.R. 287, ¶ 12. Based on the foregoing, we find that the agency's chosen penalty does not exceed the tolerable limits of reasonableness.

## ORDER

¶17    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.