NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**DALE E. KRISTOF,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2021-2033

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-20-0057-I-2.

---

Decided:  February 23, 2023

---

JEFFREY M. SILVERSTEIN, Freking Myers & Reul LLC, Dayton, OH, for petitioner.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before LOURIE, DYK, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Dale E. Kristof appeals a decision of the Merit System Protection Board. *See Kristof v. Dep't of the Air Force*, No. CH-0752-20-0057-I-2, 2021 WL 847879 (M.S.P.B. Mar. 5, 2021). The Board affirmed the decision of the Department of the Air Force to indefinitely suspend Mr. Kristof without pay, pending a final decision regarding his eligibility for a security clearance. J.A. 1. We *affirm*.

## BACKGROUND

Mr. Kristof was employed by the Air Force as a Systems Integration Engineer. This position required access to classified information, which meant Mr. Kristof had to obtain and retain a security clearance as a condition of his employment.

On February 20, 2015, Mr. Kristof's access to classified information was suspended due to "alleged illegal distribution of International Traffic in Arms Regulation information to a foreign national." J.A. 150. Mr. Kristof was informed that after an investigation into the alleged incident, the Department of Defense ("DoD") Consolidated Adjudications Facility ("CAF") would make a final determination regarding his security clearance eligibility.[1] Mr. Kristof was placed on administrative leave with pay, pending a final decision regarding his security clearance. Mr. Kristof remained in this status until 2019.

---

[1] DoD CAF has been renamed the Defense Counterintelligence and Security Agency Consolidated Adjudication Services. *See DCSA Consolidated Adjudication Services (CAS)*, Def. Counterintel. & Sec. Agency, https://www.dcsa.mil/mc/pv/dcsa_cas/ (last visited Feb. 7, 2023).

On July 22, 2019, Mr. Kristof received notice that the Air Force was proposing to suspend him indefinitely without pay, pursuant to Air Force Instruction ("AFI") 36-704, *Discipline and Adverse Actions of Civilian Employees* (July 3, 2018), because Mr. Kristof did not have access to classified information, a requirement of his position. The indefinite suspension would continue until Mr. Kristof was granted eligibility to maintain a security clearance. If DoD CAF, or another agency responsible for adjudicating security clearances for Air Force personnel, were to issue a final decision denying Mr. Kristof's eligibility to maintain a security clearance, his indefinite suspension would continue until the Air Force took further action, potentially including his removal.

On October 24, 2019, the deciding officer issued a final written decision upholding Mr. Kristof's indefinite suspension. Mr. Kristof's suspension became effective that same day.

Mr. Kristof appealed to the Board. He subsequently sought to dismiss his appeal without prejudice to "explore his retirement and employment options with regard to his security status." J.A. 218. The Board granted this request for a dismissal without prejudice on February 28, 2020. Mr. Kristof has now retired.

On August 26, 2020, Mr. Kristof requested to reopen his appeal, "to establish that the Agency denied [him] his due process rights as set forth in [5] CFR §6329(b)."[2] J.A. 237. In his close of record submission, Mr. Kristof

---

[2]    Section 6329(b) of Title 5 of the Code of Federal Regulations does not exist. The administrative judge interpreted Mr. Kristof's affirmative defense to be based on 5 U.S.C. § 6329b, which includes provisions related to investigative leave. *See* J.A. 266.

challenged the delay in the conclusion of his security clearance investigation, arguing that he had not been afforded due process in challenging the revocation of his security clearance and that his decision to retire constituted a constructive discharge. In this submission, Mr. Kristof relied particularly on AFI 31-501, *Personnel Security Program Management* (Jan. 27, 2005), which provided that "[t]he Air Force goal for processing personnel security investigation requests at base level is 14 duty days."

On March 5, 2021, the administrative judge issued an initial decision affirming the indefinite suspension. Mr. Kristof did not petition for Board review, so that decision became the final decision of the Board. This petition for review followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

On December 7, 2022, we ordered the government to file a supplemental brief addressing whether the DoD had violated DoD Manual 5200.02: Procedures for the DoD Personnel Security Program (PSP) § 9.4.i[3] and allowed Mr. Kristof to respond. Both parties filed supplemental briefs.

### DISCUSSION

We will affirm a decision by the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."

---

[3] Section 9.4.i provides: "Suspension cases must be resolved as quickly as circumstances permit. Suspensions exceeding 180 days must be closely monitored and managed by the adjudication facility concerned so as to expeditiously reach a new national security eligibility determination." J.A. 171.

5 U.S.C. § 7703(c); *Hornseth v. Dep't of the Navy*, 916 F.3d 1369, 1373 (Fed. Cir. 2019).

Certain adverse employment actions can be appealed to the Board under 5 U.S.C. § 7513(d), which provides that "[a]n employee against whom an action is taken under this section is entitled to appeal to the [Board]." Section 7512 defines the actions covered by § 7513(d) to include "a suspension for more than 14 days" but not the denial of a security clearance. In *Department of the Navy v. Egan*, the Supreme Court held that "[a] denial of a security clearance is not such an 'adverse action' [defined in § 7512 and appealable under § 7513(d)], and by its own force is not subject to Board review." 484 U.S. 518, 530 (1988). The Court explained "no one has a 'right' to a security clearance." *Id.* at 528. Following *Egan*, "[w]e consistently have held that a federal employee does not have a liberty or property interest in access to classified information, and therefore the revocation of a security clearance does not implicate constitutional procedural due process concerns." *Robinson v. Dep't of Homeland Sec.*, 498 F.3d 1361, 1364–65 (Fed. Cir. 2007) (per curiam); *see also Gargiulo v. Dep't of Homeland Sec.*, 727 F.3d 1181, 1184–85 (Fed. Cir. 2013); *Ryan v. Dep't of Homeland Sec.*, 793 F.3d 1368, 1374 (Fed. Cir. 2015).

In deciding an appeal from an adverse action related to the denial or revocation of a security clearance, "the Board may determine whether a security clearance was denied, whether the security clearance was a requirement of the appellant's position, and whether the procedures set forth in [5 U.S.C. § 7513(b)] were followed, but the Board may not examine the underlying merits of the security

clearance determination."[4] *Hesse v. Dep't of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000).

In addition to claiming a violation of the procedural protections outlined in § 7513(b), which concern notice and opportunity to be heard, an employee may also challenge an agency decision to the Board if the employee can show "harmful error in the application of the agency's procedures in arriving at such decision." 5 U.S.C. § 7701(c)(2)(A). We have held that, under § 7701(c)(2)(A), an employee may challenge an agency's failure to comply with the agency's own regulations with respect to a security clearance decision. *Romero v. Dep't of Defense*, 527 F.3d 1324, 1329 (Fed. Cir. 2008) ("[W]e decline to interpret *Egan* as having precluded such review [under § 7701(c)(2)(A)] . . . .").

Here, the Board correctly held that the procedural requirements of § 7513(b) relating to notice and opportunity to be heard had been satisfied, a conclusion which Mr. Kristof has not contested. Nor were the provisions of AFI 31-501 violated. AFI 31-501 § 5.6.1 only states that processing security clearance investigation requests within 14 days is a "goal."

Mr. Kristof also raised an affirmative defense based on 5 U.S.C. § 6329b, relating to investigative leave. Under § 6329b, an agency may place an employee under investigative leave, with pay, for a maximum of 130 days. 5

---

[4]    Section 7513(b) requires: "(1) at least thirty days' advance written notice stating the reasons for the proposed action; (2) a reasonable time to answer orally and in writing and the right to furnish affidavits and other documentary evidence in support of the answer; (3) the opportunity to be represented; and (4) a written decision and the reasons therefor." *Adams v. Dep't of Def.*, 688 F.3d 1330, 1334 (Fed. Cir. 2012); *see* 5 U.S.C. § 7513(b).

U.S.C. § 6329b(b)(1)(A), (b)(3)(A), (c)(1)–(2).   But the administrative judge determined that Mr. Kristof was never placed on investigative leave, and Mr. Kristof has not demonstrated this was erroneous.

In the course of this review proceeding, we noted that Mr. Kristof cited DoD Manual 5200.02.  Subsection 9.4.i of that manual requires: "Suspension cases must be resolved as quickly as circumstances permit.  Suspensions exceeding 180 days must be closely monitored and managed by the adjudication facility concerned so as to expeditiously reach a new national security eligibility determination."  J.A. 171.  This regulation was potentially violated by the delay in resolving Mr. Kristof's security clearance investigation, which the government admits was "substantial."  Resp't's Br. 27.  In the government's supplemental brief, it argued that Mr. Kristof had not properly raised this issue; that subsection 9.4.i was not violated; and that this subsection does not, in any event, confer enforceable rights.  In his response to the government's supplemental brief, Mr. Kristof clarified that, while he had mentioned DoD Manual 5200.02 in his brief, he "did not specifically raise the issue of the violation of DoD Manual 5200.02."[5]  Under these circumstances, we do not reach the question of whether the agency's own procedures were violated.

We have considered Mr. Kristof's remaining arguments and find them unpersuasive.

## AFFIRMED

### COSTS

No costs.

---

[5]   Pet'r's Resp. Agency Suppl. Br., *Kristof v. Dep't of the Air Force*, No. 2021-2033, Docket No. 55, at 2 (Jan. 30, 2023).