NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YVETTE V. RODRIGUEZ,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2023-1833

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-17-0368-I-1.

---

Decided: December 8, 2023

---

YVETTE V. RODRIGUEZ, Midland, TX, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before LOURIE, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Former United States Department of Homeland Security ("DHS") employee Yvette V. Rodriguez appeals from a final decision of the United States Merit Systems Protection Board ("Board") affirming an initial decision declining to reinstate Rodriguez after she was terminated from her position at DHS for failing to maintain a security clearance. *Rodriguez v. Dep't of Homeland Sec.*, No. DC-0752-17-0368-I-1 (M.S.P.B. Mar. 29, 2023) ("*Final Decision*"), S.A.[1] 1–6; *see also Rodriguez v. Dep't of Homeland Sec.*, No. DC-0752-17-0368-I-1 (M.S.P.B. June 20, 2017) ("*Initial Decision*"), S.A. 7–17. For the following reasons, we *affirm*.

## BACKGROUND

Rodriguez was employed by the federal government for 24 years. Relevant to this appeal, her final position was that of Criminal Investigator (National Program Manager) within DHS's Homeland Security Investigations Office. In September 2013, Rodriguez's security clearance was suspended. Informal Opening Br. at 4. On November 9, 2015, DHS revoked Rodriguez's security clearance, S.A. 18, which action was subsequently upheld on appeal by the Security Appeals Board, *id.* at 21–22.

On October 21, 2016, DHS sent Rodriguez a notice proposing her removal from her position because she failed to maintain a security clearance and therefore could no longer "perform the full range of duties" of her position. *Id.* at 23–24. After proceedings in which Rodriguez and her attorney challenged the proposed removal, she was removed from her position and federal employment on February 7, 2017. *Id.* at 37. DHS explained that its adverse action was "not intended as a sanction or penalty for misconduct," but rather was taken because Rodriguez had "failed to

---

[1]     As used herein, "S.A." refers to the Supplemental Appendix filed with Respondent's Informal Brief.

maintain a condition of employment." *Id.* at 38. DHS also noted that there was no statute, regulation, or policy requiring DHS to seek out alternative employment for Rodriguez. *Id.*

Her appeal to the Board was assigned to an administrative judge ("AJ"). Before the AJ, Rodriguez argued that she should not have been removed because she was making a meaningful contribution to the agency through the performance of duties that did not require her to have a security clearance. *Initial Decision* at 3, S.A. 9. She also asserted that (1) DHS should have mitigated its actions by reassigning rather than removing her, (2) DHS had established a past practice that required the agency to continue to allow her to work, and (3) her removal did not promote the efficiency of the service because she was capable of performing her job without a security clearance. *See id.*

During the proceedings, the parties agreed to the following stipulations:

(1) Rodriguez's position required a Top Secret security clearance;

(2) Her security clearance was revoked;

(3) The agency gave her 30 days advance written notice of the reasons for the proposed removal;

(4) She was given a reasonable time to answer the proposal orally and in writing and to provide relevant evidence;

(5) Rodriguez provided both an oral and written response;

(6) The appellant was notified of her right to be represented;

(7) Rodriguez's removal was effective February 7, 2017; and

(8) The agency was not obligated by statute, regulation, or policy to reassign the appellant to a position that did not require a security clearance.

*Initial Decision* at 2, S.A. 8; *see also* S.A. 34–35.

The AJ determined that the Board's authority to review a removal based on the revocation of a security clearance is limited to a review of whether or not: (1) the employee's position required a clearance, (2) the clearance was revoked, and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513(b). *Initial Decision* at 4, S.A. 10 (citing *Dep't of the Navy v. Egan*, 484 U.S. 518, 530–31 (1988); *Kaplan v. Conyers*, 733 F.3d 1148 (Fed. Cir. 2013) (en banc); *Ingram v. Dep't of Def.*, 120 M.S.P.R. 420, ¶ 9 (2013)). The procedures required by § 7513(b) include: (1) thirty days advance written notice of the reasons for the proposed removal; (2) a reasonable time to answer orally and in writing and to provide relevant evidence; (3) the opportunity to be represented; and (4) a written decision explaining the reasons for the decision. *Id.* (citing *Drumheller v. Dep't of the Army*, 49 F.3d 1566, 1570 (Fed. Cir. 1995)). Given the evidence presented and stipulations made by the parties, the AJ found that the agency had proven by a preponderance of the evidence that (1) Rodriguez's position required a Top Secret security clearance, (2) her clearance was revoked, and (3) the agency complied with the procedures outlined in § 7513(b). *Initial Decision* at 5, S.A. 11.

The AJ further found that in the absence of a statute or regulation giving an employee the right to transfer to a non-sensitive position, the Board lacks the authority to review whether or not reassignment to a position not requiring clearance or access would have been feasible. *Initial Decision* at 4–5, S.A. 10–11 (citing *Munoz v. Dep't of Homeland Sec.*, 121 M.S.P.R. 483, ¶ 15 (2014)). Since the parties had stipulated that the agency was not obligated by statute, regulation, or policy to reassign Rodriguez to a position

that did not require a security clearance, the AJ found that the Board did not have the authority to review the feasibility of reassignment. *Initial Decision* at 5, S.A. 11.

The AJ also rejected Rodriguez's argument that by allowing her to work after the suspension and ultimate revocation of her security clearance, DHS had condoned that practice and must continue to allow her to work. *Id.* The AJ noted that none of the cases cited by Rodriguez "involved employees who had their security clearance revoked and were removed for failure to maintain a condition of employment, like the appellant," and that the Board only had narrow authority to review matters involving revocation of a security clearance. *Id.* The AJ further found that it was well-settled that "when an adverse action is based on denial or revocation of a security clearance, the action promotes the efficiency of the service." *Initial Decision* at 6, S.A. 12 (citing *Ingram*, 120 M.S.P.R. at ¶ 15). The AJ therefore concluded that the agency's removal of Rodriguez promoted the efficiency of the service, and it would not be appropriate to consider mitigation. *Id.*

Rodriguez timely filed a petition for review of the AJ's initial decision to the full Board. On March 29, 2023, the Board affirmed the initial decision, which subsequently became the Board's final decision. *Final Decision* at 2, S.A. 2. Rodriguez timely appealed the decision, and we have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

A Board decision may only be set aside if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "The petitioner bears the burden of establishing error in the Board's decision." *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

On appeal, Rodriguez argues, not that she should have been reassigned to another position that did not require a security clearance, but rather that she should have kept the position that she already had because she was able to perform her duties without a security clearance. *See* Informal Opening Br. at 4. She asserts that, by permitting her to work in her position without a security clearance for several years following the suspension of her clearance, the agency condoned the practice and cannot later reverse course. *Id.* at 7–9. Rodriguez also argues that the Board erred in failing to apply the factors in *Douglas v. Veterans Administration*, 5 M.S.P.R. 313 (1981), which set forth a test for reviewing the reasonableness of an agency's penalty, and that her removal did not promote the efficiency of the service as required for an adverse action under 5 U.S.C. § 7513(a) and 5 C.F.R. § 752.403(a). *See* Informal Opening Br. at 9, 14–16.

As an initial matter, Rodriguez stipulated to the fact that her position required a Top Secret security clearance. *Initial Decision* at 2, S.A. 8; *see also* S.A. 34–35. She has thus waived any argument that her former position did not require a security clearance. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court."). Furthermore, an agency's determination that a position requires a security clearance is unreviewable. *See Skees v. Dep't of Navy*, 864 F.2d 1576, 1578 (Fed. Cir. 1989) ("If the Board cannot review the employee's loss of security clearance, it is even further beyond question that it cannot review the [agency]'s judgment that the position itself requires the clearance.").

We next turn to Rodriguez's condonation argument. As the AJ pointed out, none of the cases cited by Rodriguez involve revocation of a security clearance. But more importantly, simply because Ms. Rodriguez was allowed to continue to work while proceedings regarding the

revocation of her clearance and ultimate removal were occurring does not entitle her to continue working. *See Skees*, 864 F.2d at 1578 ("We do not subscribe to the view that when [an agency], whether through benevolence or self-interest, tries to keep an employee who loses his security clearance aboard in another capacity, it thereby opens itself up to administrative and judicial second-guessing."). Finding condonation when an employee was allowed to work while proceedings required by rule, regulation, or statute to remove them occurred would be illogical.

We also reject Rodriguez's argument that the Board erred in not applying the *Douglas* factors. It is well-established that the Board does not need to apply the *Douglas* factors if the removal action is based on an employee's failure to maintain a security clearance. *Ryan v. Dep't of Homeland Sec.*, 793 F.3d 1368, 1371–73 (Fed. Cir. 2015) (declining to apply *Douglas* to a removal based on loss of a clearance because "decisions of this court considering or mentioning a *Douglas* mitigation analysis have involved penalties for misconduct rather than loss of a required qualification for a position"); *Griffin v. Def. Mapping Agency*, 864 F.2d 1579, 1580–81 (Fed. Cir. 1989) (finding that, in the absence of a policy mandating the transfer or reassignment of an employee who is denied a security clearance, "the Board has no role" in reviewing whether or not an employee should have been reassigned instead removed).

Rodriguez's arguments regarding efficiency of the service likewise fail, as we and the Board lack the authority to consider whether or not removal for failing to maintain a security clearance promotes the efficiency of the service. *See Adams v. Dep't of Def.*, 688 F.3d 1330, 1334 (Fed. Cir. 2012) (finding that "the limits of our [court's] review" are examining whether the requirements of § 7513(b) were met and that "it was not legal error for the agency to terminate Mr. Adams' employment when he no longer possessed the requisite security status"); *Robinson v. Dep't of Homeland*

*Sec.*, 498 F.3d 1361, 1365 (Fed. Cir. 2007) ("[I]n an adverse employment action, such as removal, based on failure to maintain the security clearance required by the job description, the absence of a properly authorized security clearance is fatal to the job entitlement.").

## CONCLUSION

We have considered Rodriguez's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm*.

## AFFIRMED

## COSTS

No costs.