# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| REGINA LORRAINE MILES,<br>Appellant, | DOCKET NUMBER<br>DC-0752-17-0177-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE: March 11, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Regina Lorraine Miles</u>, Oxon Hill, Maryland, pro se.

<u>Eric S. Daniels</u> and <u>Melanie Russell</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the administrative judge's findings that the appellant's position required a security clearance, the clearance was revoked, and the appellant received the procedural protections specified in 5 U.S.C.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

§ 7513, MODIFY the initial decision to clarify the administrative judge's analysis of the appellant's due process claim and to address her claims of reprisal and bias, and REMAND this case to the Office of Regional Operations for further adjudication of the appellant's affirmative defense of harmful error.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant served as an Investigative Analyst with INTERPOL Washington. Initial Appeal File (IAF), Tab 10 at 4-10. The Investigative Analyst position description specified that it was a critical-sensitive position (level 3), requiring that the appellant maintain access to classified National Security Information (NSI) and eligibility for a top secret clearance subject to background reinvestigations every 5 years. IAF, Tab 13 at 8, 19, Tab 14 at 31-32. On September 19, 2016, the agency's Department Security Officer revoked the appellant's access to classified NSI after she failed to complete the forms required to initiate her 5-year security reinvestigation. IAF, Tab 12 at 10, Tab 14 at 4-5, Tab 41, Initial Decision (ID) at 2. In the letter of revocation, the agency provided the appellant with the following information: (1) her procedural options under Executive Order 12,968 of August 2, 1995, as amended;[2] (2) how to request reconsideration of the revocation decision; (3) her right to appeal an unfavorable reconsideration decision to the agency's Office of Inspector General (OIG) if she believed that the action affecting her NSI access was taken in reprisal for making a protected disclosure under Presidential Policy Directive 19 (Oct. 19, 2012) (PPD-19);[3] and (4) her right to appeal the revocation decision to the agency's Access Review Committee (ARC). IAF, Tab 14 at 4-5. On November 7, 2016,

---

[2] Executive Order 12,968 establishes standards for access to classified information and the review procedures for revocations of eligibility. *See Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶¶ 26-28 (2012).

[3] PPD-19 provides protection for whistleblowers with access to classified information and requires the intelligence community to develop and implement procedures to protect employees from whistleblower retaliation. *See Van Lancker v. Department of Justice*, 119 M.S.P.R. 514, ¶ 12 n.1 (2013).

the Department Security Officer denied the appellant's request for reconsideration of his decision revoking her access to NSI and advised the appellant of her right to ARC review.  IAF, Tab 26 at 9-12.

Based on the revocation of the appellant's access to classified NSI, the agency proposed to remove her for the charge of failure to maintain a qualification of her position.  IAF, Tab 11 at 4-6.  The appellant submitted a written response to the agency's proposal.  IAF, Tab 10 at 14-15.  The deciding official sustained the charge and the removal action, effective November 17, 2016.  *Id.* at 10-13.  This appeal followed.[4]  IAF, Tab 1.

On appeal, the appellant made the following allegations:  (1) she never processed top secret or classified information at INTERPOL Washington; (2) the agency violated "Federal removal protocols"; and (3) the agency retaliated against her for her prior whistleblowing and equal employment opportunity (EEO) activity.  IAF, Tab 1 at 5, Tab 39 at 11, 15.  She also raised an affirmative defense of harmful error, claiming that the agency violated Executive Order 12,968, PPD-19, agency Human Resources (HR) Order 1200.1 (pertaining to disciplinary and adverse actions of agency employees), agency Order 2610.2B (setting forth responsibilities under the agency employment security program), and several agency regulations during the security clearance revocation and subsequent removal process.  IAF, Tab 14 at 14-28, Tab 28 at 6-7, Tab 39 at 4-15.

The appellant waived her right to a hearing, and the administrative judge issued a decision based on the written record affirming the agency's removal action.  ID at 2; IAF, Tab 1 at 2.  He found that the appellant's position required her to have a top secret security clearance and access to NSI, the agency revoked

---

[4] The appellant elected to voluntarily retire on the effective date of her removal.  IAF, Tab 10 at 4.  On appeal, the administrative judge properly found that the Board retained jurisdiction over the agency's removal action despite the appellant's retirement.  ID at 1 n.1; *see Mays v. Department of Transportation*, 27 F.3d 1577, 1579-80 (Fed. Cir. 1994) (holding that the Board retains jurisdiction over an appeal if an employee retires when faced with an agency's final decision to remove her); *Krawchuk v. Department of Veterans Affairs*, 94 M.S.P.R. 641, ¶ 6 (2003) (same).

her access to NSI, the agency afforded her the procedural protections specified in 5 U.S.C. § 7513, and the agency provided her with minimum due process in revoking her NSI access and in the removal action.[5]  ID at 2-4.  The administrative judge did not address the appellant's affirmative defenses alleging that the agency engaged in reprisal and harmful error in applying its security clearance regulations.

The appellant has filed a petition for review disputing the administrative judge's finding that her position required top secret clearance and access to classified NSI.  Petition for Review (PFR) File, Tab 1 at 9, 12.  She challenges the administrative judge's finding that the agency provided her with due process in revoking her NSI access and in the removal proceedings, and she reasserts the affirmative defenses that she raised on appeal.  *Id.* at 6-10; IAF, Tab 1 at 5, Tab 39 at 11-12, 15.  The appellant also reasserts arguments she made on appeal, challenging the agency's penalty determination and raising a claim of bias against the administrative judge.[6]  PFR File, Tab 1 at 7, 9; IAF, Tab 39 at 13, 87.  The agency has responded in opposition to her petition.  PFR File, Tab 5.

The administrative judge properly found that the appellant's position required a security clearance, the clearance was revoked, and the appellant received the procedural protections specified in 5 U.S.C. § 7513.

As properly noted by the administrative judge, in an appeal of a removal action under chapter 75 based on the revocation of a security clearance, the Board

---

[5] During the pendency of her appeal, the appellant filed a request to stay the removal and the proceedings on her Board appeal.  IAF, Tab 25.  The appellant argued that a stay would allow her to exhaust her "DOJ Appeal Rights as a Whistleblower" and pursuant to Executive Order 12,968 and any other laws and protections, contending that the results of the Department of Justice appeal process might make her Board appeal unnecessary.  *Id.* at 4.  The administrative judge denied her request.  IAF, Tab 27.

[6] The appellant also suggests that the Board should grant her petition for review because the agency did not state in its e-Appeal Online filings that it had personal knowledge of its pleadings.  PFR File, Tab 1 at 9.  We disagree.  The statements of a party's representative in a pleading generally do not constitute evidence, and the appellant does not explain how the alleged error affected the outcome of her appeal.  *See, e.g., Brown v. Department of Interior*, 86 M.S.P.R. 546, ¶ 16 (2000).

may not review the merits of the underlying clearance determination. ID at 2; *see Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶¶ 7-8 (2014). Rather, the Board only has the authority to review whether the following conditions were met: (1) the appellant's position required a security clearance; (2) the clearance was denied, revoked, or suspended; and (3) the appellant was provided with the procedural protections specified in 5 U.S.C. § 7513.[7] *Ulep v. Department of the Army*, 120 M.S.P.R. 579, ¶ 4 (2014). For the reasons stated below, we agree with the administrative judge that the agency met these standards.

The administrative judge found it undisputed that the appellant's Investigative Analyst position required a top secret clearance and access to classified NSI.[8] On review, the appellant disputes this finding but submits no evidence to support her argument. PFR File, Tab 1 at 9. The appellant asserts that she raised this issue below, but she provides no citation to the record. *Id.* Moreover, the record reflects that the appellant's Investigative Analyst position with INTERPOL Washington was designated as a critical-sensitive position (level 3), which required her to maintain a top secret clearance and eligibility to access classified information. IAF, Tab 13 at 8, 10, 19, Tab 14 at 31-32. We reject as unproven the appellant's argument to the contrary.

Moreover, to the extent that the appellant reasserts the argument she made on appeal disputing the agency's action designating her former position as critical-sensitive requiring top secret clearance eligibility and NSI access, the Board lacks authority to determine whether the agency properly designated the position. PFR File, Tab 1 at 9, 12-13; IAF, Tab 39 at 10; *see Doe v. Department*

---

[7] The Board also may consider whether the appellant's transfer to a nonsensitive position was feasible but only when an agency policy statement or regulation provides the appellant with a substantive right to such a reassignment. *See Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 14 (2015). The administrative judge found it undisputed that the agency had no such policy, and the appellant does not contest this finding on review. ID at 3 n.2.

[8] NSI is synonymous with classified information. *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 2 n.1 (2014) (citing Exec. Order No. 13,526, § 6.1(i) (2009)).

*of Justice*, 118 M.S.P.R. 434, ¶ 17 (2012) (finding that the Board lacks authority to determine whether an agency's designation of a position was proper).

Finally, the undisputed record reflects that the agency followed the procedural requirements of 5 U.S.C. § 7513, by providing the appellant with at least 30 days' advance written notice of the proposed adverse action; a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of her answer; to be represented by an attorney or other representative; and a written decision giving the specific reasons for the agency's action. ID at 3-4; IAF, Tab 10 at 10-15, Tab 11 at 4-5. Accordingly, we agree with the administrative judge's findings in this regard. ID at 3-4.

<u>We affirm the administrative judge's finding that the agency did not violate the appellant's right to due process, as modified herein.</u>

The administrative judge found that the agency afforded the appellant due process protections by providing her with notice of the proposed security clearance revocation and an opportunity to respond. ID at 4. The appellant disputes this finding on review, alleging that the agency denied her due process rights under Executive Order 12,968 and PPD-19 in revoking her NSI access. PFR File, Tab 1 at 6, 8-10. We disagree but nonetheless modify the administrative judge's reasoning on the alleged due process violation. In the initial decision, the administrative judge found that the minimum due process to be afforded the appellant here included advance notice of the reasons for revoking her access to classified NSI and a meaningful opportunity to respond. ID at 4. Our reviewing court, however, has clarified that, because an employee has no property interest in a security clearance, an agency is not obliged as a matter of constitutional due process to notify the employee of the specific reasons for revoking her clearance. *See Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1185-86 (Fed. Cir. 2013); *see Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 25 (2014). Rather, for purposes of due process, it

is sufficient for an agency to inform the employee in the proposed removal that her position required a security clearance and that she cannot retain her position after she loses her clearance. *See Buelna*, 121 M.S.P.R. 262, ¶ 25. Contrary to the appellant's arguments on review, the record reflects that the agency provided her with this information. PFR File, Tab 1 at 12, Tab 10 at 10-11, Tab 11 at 4-5; IAF, Tab 12 at 6-10.

On review, the appellant also reasserts her argument that the agency did not afford her due process right to "a meaningful opportunity to invoke the discretion of a deciding official with the authority to select an alternative outcome." PFR File, Tab 1 at 6; IAF, Tab 39 at 14. In support of her argument, the appellant reasserts the claim she made on appeal that INTERPOL Washington could have contacted the Office of Personnel Management (OPM) to determine if her security reinvestigation was necessary and allowed her to continue working because she was less than 1 year from retirement. PFR File, Tab 1 at 6, 10; IAF, Tab 39 at 13. She also makes a claim of bias against the deciding official. PFR File, Tab 1 at 10. For the reasons discussed below, we find that the agency provided the appellant with minimal due process.

An employee has a due process right to notice of the grounds in support of the adverse action and a meaningful opportunity to invoke the discretion of a deciding official with the authority to select an alternative outcome, to the extent that an alternative penalty may have been feasible. *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 8 (2014). We affirm the administrative judge's finding that the agency provided the appellant with minimal due process because the record reflects that the deciding official determined that her removal was warranted after considering the appellant's arguments in response to the notice of proposed removal and providing her with notice of the grounds in support of her removal.[9] IAF, Tab 10 at 10-13, Tab 11 at 4-7; *see Grimes*, 122 M.S.P.R. 36, ¶ 8

[9] Although unclear, the appellant may be arguing that the administrative judge or the deciding official in her removal action was required to consider mitigating factors such as her pending retirement date. PFR File, Tab 1 at 6-7, 10; IAF, Tab 39 at 13. We

(finding no due process error when the deciding official considered and rejected the arguments the appellant raised in her reply to the proposed removal).

On review, the appellant cites the Board's decision in *Ryan v. Department of Homeland Security*, 121 M.S.P.R. 460 (2014), to support her argument that she was denied her due process right to have a meaningful opportunity to invoke the discretion of the deciding official because the agency did not pursue alternatives to removal. PFR File, Tab 1 at 10. However, the Board held in *Ryan* that it had no authority to review whether an employee should have been reassigned instead of subjected to an adverse action, absent a statute, regulation, or policy mandating the transfer or reassignment of an employee who is denied a security clearance. *Ryan*, 121 M.S.P.R. 460, ¶¶ 6, 8, *overruled on other grounds by Freeze v. Department of the Navy*, 122 M.S.P.R. 179, ¶ 11 n.2 (2015). Because the appellant does not contest the administrative judge's finding that the agency did not have a policy requiring her transfer or reassignment, the Board has no authority to consider these alternatives. ID at 3 n.2.

On review, the appellant also appears to argue that the deciding official in the removal action was biased to the extent that his selection violated due process. PFR File, Tab 1 at 8, 10-11. An employee has a due process right to have an unbiased decision maker adjudicate her case. *Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 30 (2016), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018). To establish a due process violation based on the identity of a deciding official, an appellant must assert a specific allegation indicating that the agency's choice of deciding official made the risk of unfairness to the appellant intolerably high. *Id.* For the reasons discussed below, we find that the appellant has not met that burden here.

--------

disagree because mitigation is not appropriate in this type of case. *See Doe*, 118 M.S.P.R. 434, ¶ 41 (finding mitigation inappropriate in a removal action based on the appellant's failure to maintain a qualification of his position requiring him to have access to classified information).

To support her claim of bias, the appellant argues that the deciding official in this removal action, and all of the agency officials who wanted to remove her, were individuals alleged to have engaged in discriminatory conduct in her past EEO complaints. PFR File, Tab 1 at 8, 10-12; IAF, Tab 39 at 14-15. However, we find that the agency's choice of a deciding official did not make the risk of unfairness to the appellant intolerably high considering that she was required to maintain access to classified NSI as a qualification of her position, her proposed removal was based on her failure to maintain that qualification of her position, and she does not dispute that access was revoked. *See Robinson v. Department of Homeland Security*, 498 F.3d 1361, 1365 (Fed. Cir. 2007) (finding that the absence of a properly authorized security clearance is fatal in a removal action based on failure to maintain the security clearance required by the job description). Accordingly, we are not persuaded by the appellant's arguments that the agency violated her due process rights.

We remand this appeal for the administrative judge to adjudicate the appellant's affirmative defense of harmful error.

Separate from constitutional due process, the Board has the authority under 5 U.S.C. § 7701(c)(2)(A) to review whether an agency taking an adverse action complied with required procedural protections for security clearance determinations, including those set forth in an agency's own regulations. *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶¶ 6-7 (2015). The Board will reverse an adverse action based on revoking a security clearance if an appellant is able to prove harmful error. *Buelna*, 121 M.S.P.R. 262, ¶ 33; 5 C.F.R. § 1201.56(c)(1). To do so, an appellant must prove that the agency committed an error in applying its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Buelna*, 121 M.S.P.R. 262, ¶ 33; 5 C.F.R. § 1201.4(r).

On appeal, the pro se appellant raised an affirmative defense of harmful error alleging that the agency failed to follow Executive Order 12,968, PPD-19, agency HR Order 1200.1, agency Order 2610.2B, and several regulations during its processing of her security clearance revocation and the resulting removal action, and she reasserts this affirmative defense on review. Specifically, the appellant asserts that she never signed her nondisclosure agreement reflecting that her position requires a security clearance in accordance with agency Order 2610.2B, that the agency never conducted an evaluation of the risk level of her position in violation of OPM regulations, and that the agency violated Executive Order 12,968 by failing to provide her with the documents underlying her security clearance revocation; violated agency regulations by reinvestigating her security clearance; did not conduct an investigation as required by PPD-19 and Executive Order 12,968; failed to provide her adequate appeal rights under HR Order 1200.1; violated OPM regulations by failing to evaluate the risk level of her position; and violated agency regulations by removing her before the decision on her security clearance was final.[10] IAF, Tab 14 at 4, Tab 28 at 4-7, Tab 39 at 4-9, 12-15; PFR File, Tab 1 at 6-10.

Despite these arguments, the administrative judge did not identify the appellant's harmful error claim as an issue for adjudication, and there is no indication that the appellant was informed of the means for proving this affirmative defense by the administrative judge or in the agency's pleadings. *See Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that a deficiency in notice can be cured if the agency's pleadings contain the notice that was lacking in the acknowledgment order or the initial decision puts the appellant

---

[10] The appellant also alleges that the agency violated HR Order 1200.1 when it failed to remove a letter of reprimand from her personnel file after her removal. IAF, Tab 28 at 7. Because this allegation concerns the agency's post-removal activity, it cannot form the basis for a harmful error claim here. *See Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 8 (2014) (explaining that the Board may not sustain an adverse action if the employee can show harmful error in the application of the agency's procedures for revoking a security clearance or for taking an adverse action based on such revocation).

on notice of her burden, thus giving her the opportunity to meet her burden on review).

The Board consistently has required administrative judges to apprise appellants of the applicable burdens of proving a particular affirmative defense, as well as the kind of evidence required to meet those burdens. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 17 & n.7. Further, nothing in the record reflects that the appellant abandoned or withdrew her harmful error claim. *Id.*, ¶¶ 17-18 (setting forth the standard for determining whether an appellant abandoned an affirmative defense). Accordingly, we find that the administrative judge should have informed the appellant of the burdens of proving her affirmative defense and this claim must be remanded.

The Board has no authority to consider the appellant's affirmative defenses of whistleblower reprisal and reprisal for prior EEO complaints.

On review, the appellant reasserts the affirmative defenses that she raised on appeal alleging whistleblower reprisal and reprisal for prior EEO complaints. PFR File, Tab 2 at 6-10; IAF, Tab 39 at 15. The administrative judge did not address these issues in the initial decision, but this error did not prejudice the appellant's substantive rights because the Board cannot adjudicate an affirmative defense that would require it to assess the merits of a security clearance determination.[11] *See Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 10 (2014); *see generally Gargiulo*, 727 F.3d at 1187 (finding that the Board has no authority to consider whether an agency has reasonable grounds for revoking an employee's security clearance). To the extent that the Board might have limited authority to adjudicate a claim of reprisal that goes solely to the issue of penalty,

_____

[11] In this regard, we find the appellant's argument that the agency failed to notify her of her mixed-case appeal rights without merit, as the agency provided her with mixed-case appeal rights in the removal decision letter. IAF, Tab 10 at 11-12. In any event, as explained above, the Board does not have the authority to adjudicate her affirmative defenses. *See Doe*, 121 M.S.P.R. 596, ¶ 10.

*see Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶ 9 & n.* (2010), we find that the appellant's claims are not of that nature.

The appellant has not proven bias by the administrative judge.

On review, the appellant raises a claim of bias against the administrative judge. PFR File, Tab 1 at 9. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Tyler v. U.S. Postal Service*, 90 M.S.P.R. 545, ¶ 6 (2002). For the reasons discussed below, we find that the appellant has not met that burden here.

The appellant alleges that the administrative judge "informed [her] that the [a]gency would prevail" on appeal before the appellant had the opportunity to respond to the removal decision. PFR File, Tab 1 at 9. She asserts that the administrative judge raised his voice to her in response to her "obvious confusion" about the Board's jurisdiction in security clearance cases involving whistleblowers. *Id.* She also asserts that the administrative judge rejected her request to stay the proceedings on appeal to exhaust her "DOJ Appeal Rights," although she only filed a Board appeal out of fear that she would lose the opportunity to file it in the future. *Id.*

We reject as unproven the appellant's claim of bias because the appellant has not shown that the administrative judge's comments or actions during the course of the Board proceedings evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Although the administrative judge may have become somewhat abrupt and impatient with the appellant, such conduct did not establish bias. *Tyler*, 90 M.S.P.R. 545, ¶ 8. Moreover, the fact that the administrative judge denied her request for a stay does not prove bias. *Id.*, ¶ 6 (finding the fact that an administrative judge ruled against a party is insufficient evidence to show bias).

**ORDER**

For the reasons discussed above, we remand this case to the Office of Regional Operations for further adjudication of the appellant's affirmative defense of harmful error in accordance with this Remand Order. On remand, the administrative judge shall apprise the appellant of her burden and the elements of proof regarding her harmful error claim and afford the parties an opportunity to develop the record by submitting evidence and argument on this issue.

FOR THE BOARD:                     *Gina K. Grippando*

                                   _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.